UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| HARRY GALEKOVICH, guardian ad litem for M.G., a minor,<br><br>            Plaintiff,<br><br>    v.<br><br>CITY OF VANCOUVER; ERIC HOLMS; PETE MAYER; TERRY WEINER; DAVE MILETICH; CORY WYNN; ANDY MEAD; JAMES FIELDS; ANGELA BROSIUS; KIERSTEN LUSHENKO; TONY SALDO; AMIL HADDAD; JOHN DOE AND JANE DOE, all individually and as employees of City of Vancouver,<br><br>            Defendants. | CASE NO. C11-5738BHS<br><br>ORDER GRANTING MOTION TO CONSOLIDATE CASE WITH C11-5736 |

This matter comes before the Court on Defendants' Motion to Dismiss, Consolidate with case No. C11-5736, or Stay (Dkt. 6). The Court has considered the pleadings filed in support of, and in opposition to, the motion and the remainder of the file. For the reasons stated herein, the Court grants the motion.

ORDER - 1

# I. PROCEDURAL AND FACTUAL BACKGROUND

This matter involves allegations that Defendants unlawfully excluded Harry Galekovich and his two-year-old grandson, M.G., from a community swimming pool in Vancouver, Washington, in or around October 2009. Dkt. 1 at 9-10; Dkt. 6 at 2. On August 25, 2011, Galekovich filed two complaints in Clark County Superior Court. Dkt. 1 at 8 (C11-5736) (hereinafter, "GALEKOVICH I"); Dkt. 1 at 8 (C11-5738) (hereinafter, "GALEKOVICH II"). On September 15, 2011, Defendants removed both cases to this Court. Dkt. 1 (C11-5736); Dkt. 1 (C11-5738).

In GALEKOVICH I, Galekovich filed suit in his individual capacity; and, here, in GALEKOVICH II, he filed suit on behalf of M.G. Dkt. 6 at 2. Both actions name essentially the same principal defendants, except that GALEKOVICH I contains claims against five additional defendants: Vancouver Police Officer, Jim Azinger; Vancouver Police Officer, LY Yong; Vancouver Police Sergeant, Troy Price; Vancouver Police Commander, George Delgoado; and Vancouver Chief of Police, Clifford Cook. Dkt. 1 at 8; Dkt. 6 at 2.

On this motion, defendants City of Vancouver and Dave Miletich ask the Court pursuant to Fed. R. Civ. P. 42(a) to (a) dismiss this action, (b) consolidate this action with GALEKOVICH I, or (c) to stay this action pending the resolution of GALEKOVICH I. Dkt. 6 at 1-2.

# II. DISCUSSION

Fed. R. Civ. P. 42(a) provides that "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at

issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." In making this assessment, courts examine whether both actions involve the same causes of action, relief, and parties or privies. *Adams v. California Dept. of Health Servs.*, 487 F.3d 684, 688-89 (9th Cir. 2007) ("Plaintiffs generally have no right to maintain two separate actions involving the same subject matter at the same time in the same court against the same defendant."). As part of the examination, courts apply the "transaction test," which includes evaluating: (1) whether rights or interests established in a (prospective) judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence would be presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts. *Id*. at 689.

Here, reading the complaints as a whole, the Court finds that the elements of the transactional test are satisfied. The complaints assert near-identical allegations, and each action will require an assessment of the same nucleus of facts. The actions involve virtually the same parties, and any relief obtained under one action will no doubt impact the resolution sought under the second action.

Based on these findings, the Court consolidates this case with case No. C11-5736. The Court believes that consolidation will most effectively advance judicial economy without prejudicing Plaintiff.

## III. ORDER

Therefore, it is hereby **ORDERED** that Defendants' motion is **GRANTED**, and this case is hereby consolidated with case No. C11-5736. Any future pleadings shall be filed under case No. C11-5736.

Dated this 23rd day of January, 2012.

_____
BENJAMIN H. SETTLE
United States District Judge