1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

8

HARRY GALEKOVICH, guardian ad litem for M.G., a minor,

9

Plaintiff,

10

v.

11

12 CITY OF VANCOUVER; ERIC HOLMS; PETE MAYER; TERRY WEINER; DAVE MILETICH; CORY

13 WYNN; ANDY MEAD; JAMES FIELDS; ANGELA BROSIUS;

14 KIERSTEN LUSHENKO; TONY SALDO; AMIL HADDAD; JOHN DOE

15 AND JANE DOE, all individually and as employees of City of Vancouver,

16

Defendants.

17

CASE NO. C11-5738BHS

ORDER GRANTING MOTION TO CONSOLIDATE CASE WITH C11-5736

18

This matter comes before the Court on Defendants' Motion to Dismiss,

19 Consolidate with case No. C11-5736, or Stay (Dkt. 6). The Court has considered the

20 pleadings filed in support of, and in opposition to, the motion and the remainder of the

21 file. For the reasons stated herein, the Court grants the motion.

22

# I. PROCEDURAL AND FACTUAL BACKGROUND

This matter involves allegations that Defendants unlawfully excluded Harry Galekovich and his two-year-old grandson, M.G., from a community swimming pool in Vancouver, Washington, in or around October 2009. Dkt. 1 at 9-10; Dkt. 6 at 2. On August 25, 2011, Galekovich filed two complaints in Clark County Superior Court. Dkt. 1 at 8 (C11-5736) (hereinafter, "GALEKOVICH I"); Dkt. 1 at 8 (C11-5738) (hereinafter, "GALEKOVICH II"). On September 15, 2011, Defendants removed both cases to this Court. Dkt. 1 (C11-5736); Dkt. 1 (C11-5738).

In GALEKOVICH I, Galekovich filed suit in his individual capacity; and, here, in GALEKOVICH II, he filed suit on behalf of M.G. Dkt. 6 at 2. Both actions name essentially the same principal defendants, except that GALEKOVICH I contains claims against five additional defendants: Vancouver Police Officer, Jim Azinger; Vancouver Police Officer, LY Yong; Vancouver Police Sergeant, Troy Price; Vancouver Police Commander, George Delgoado; and Vancouver Chief of Police, Clifford Cook. Dkt. 1 at 8; Dkt. 6 at 2.

On this motion, defendants City of Vancouver and Dave Miletich ask the Court pursuant to Fed. R. Civ. P. 42(a) to (a) dismiss this action, (b) consolidate this action with GALEKOVICH I, or (c) to stay this action pending the resolution of GALEKOVICH I. Dkt. 6 at 1-2.

# II. DISCUSSION

Fed. R. Civ. P. 42(a) provides that "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at

1   issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid

2   unnecessary cost or delay." In making this assessment, courts examine whether both

3   actions involve the same causes of action, relief, and parties or privies. *Adams v.*

4   *California Dept. of Health Servs.*, 487 F.3d 684, 688-89 (9th Cir. 2007) ("Plaintiffs

5   generally have no right to maintain two separate actions involving the same subject

6   matter at the same time in the same court against the same defendant."). As part of the

7   examination, courts apply the "transaction test," which includes evaluating: (1) whether

8   rights or interests established in a (prospective) judgment would be destroyed or impaired

9   by prosecution of the second action; (2) whether substantially the same evidence would

10  be presented in the two actions; (3) whether the two suits involve infringement of the

11  same right; and (4) whether the two suits arise out of the same transactional nucleus of

12  facts. *Id*. at 689.

13       Here, reading the complaints as a whole, the Court finds that the elements of the

14  transactional test are satisfied. The complaints assert near-identical allegations, and each

15  action will require an assessment of the same nucleus of facts. The actions involve

16  virtually the same parties, and any relief obtained under one action will no doubt impact

17  the resolution sought under the second action.

18       Based on these findings, the Court consolidates this case with case No. C11-5736.

19  The Court believes that consolidation will most effectively advance judicial economy

20  without prejudicing Plaintiff.

21

22

### III. ORDER

Therefore, it is hereby **ORDERED** that Defendants' motion is **GRANTED**, and this case is hereby consolidated with case No. C11-5736. Any future pleadings shall be filed under case No. C11-5736.

Dated this 23rd day of January, 2012.

_____
BENJAMIN H. SETTLE
United States District Judge